UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **HARRY VALENTINE** | * | **CIVIL ACTION NO. 11-1465** |
| | | **SEC. P.** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **SUSAN SHULTS, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Harry Valentine, proceeding *in forma pauperis*, filed the instant civil rights complaint on August 9, 2011.  At the time he filed suit, plaintiff was an inmate confined at the Franklin Parish Detention Center, Winnsboro, Louisiana.  He complained of inadequate medical care, and sued Warden Chad Lee, Nurse Susan Shults, and the Franklin Parish Detention Center.  Plaintiff sought injunctive relief consisting of a specialist to diagnose and treat him, plus, punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons, it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3 of this Court.

Procedural Background

As stated above, plaintiff filed his *pro se* civil rights complaint on August 9, 2011. However, he did not pay the filing fee, or otherwise submit a completed application for leave to proceed in forma pauperis ("IFP").  Accordingly, the court afforded him until September 19, 2011, to remedy this deficiency.  (Aug. 19, 2011, Mem. Order [doc. # 3]).  On September 13,

2011, plaintiff filed a motion for leave to proceed IFP, but the motion did not include the requisite certificate signed and completed by an accounts officer. *See* Sept. 19, 2011, Mem. Order [doc. # 6]. Thus, the court afforded plaintiff until October 19, 2011, to remedy this latest deficiency. *Id*.

The Clerk of Court mailed the September 19, 2011, Memorandum Order to plaintiff at the address he supplied in his original complaint. *See* "Notice of Electronic Filing," [doc. # 6]. On September 26, 2011, however, the postal service returned the correspondence to the Clerk of Court with the notation, "RTS (Return To Sender)/not deliverable as addressed/ unable to forward" and "Not Here." [doc. # 7]. Since that time, the court has not received any further correspondence from plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule 41.3W provides, in part, that "[t]he failure of a[ ] . . . pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

2

Here, more than thirty days have elapsed since the court's order was returned indicating that plaintiff no longer resided at the Franklin Parish Detention Center, and plaintiff has not updated his address. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 5th day of December, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE